IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE, JR.,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA; FLATHEAD COUNTY COURT; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-110-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On July 22, 2020, Petitioner Clarence Redmond Logue filed this action under 28 U.S.C. § 2254.[1] For the reasons set forth below, Logue's petition should be dismissed as unexhausted.

## I. 28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must

---

[1] See, *Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Logue's claims are unexhausted, his petition should be dismissed without prejudice.

## I. Procedural History/Logue's Claims

The Court is familiar with Logue, he has filed two prior habeas petitions which were both dismissed as unexhausted.[2]

Logue was charged and ultimately convicted of felony Criminal Mischief in Montana's Eleventh Judicial District, Flathead County. (Doc. 1 at 2-3.) The Montana Supreme Court explained Logue's procedural history as follows:

> Logue was initially arrested on June 12, 2017, and released on his own recognizance (O/R) on July 6, 2017. The court revoked his O/R release on September 6, 2017, and sentenced Logue on March 8, 2018. The court resentenced Logue on March 1, 2019, after revoking his original sentence.

See, *Logue v. 11th Jud. Dist.*, OP 19-0642, Or. at 2 (Mont. Nov. 19, 2019).[3] During the course of his underlying state criminal proceedings, Logue was detained multiple times at the Flathead County Detention Center (FCDC). *Id*.

On August 6, 2019, Logue filed a petition for postconviction relief (PCR) in

---

[2] See, *Logue v. Smith*, CV 19-108-M-DLC-JCL, Or. (D. Mont. Sept. 9, 2019); *Logue v. Guyer*, CV 20-01-DLC, Or. (D. Mont. April 21, 2020).
[3] All state court orders and briefing available at: https://dataportal.mt.gov/ (accessed November 16, 2020).

the state district court. *Id.* While the PCR proceedings were pending, Logue petitioned the Montana Supreme Court for a writ of supervisory control and requested the Court dismiss his underlying criminal case. *Id*. at 1. Logue argued that the FCDC unlawfully deprived him of $1,253.92 in medical costs. *Id*. The Court denied Logue relief, noting that he was not currently incarcerated at the FCDC, that his PCR proceedings were not yet complete, and that he could present his claims to the PCR court. *Id*. at 2. Additionally, the Court advised Logue that he had the remedy of appeal available to him and further found that he failed to demonstrate either that the district court was proceeding under a mistake of law or that state-wide issues of constitutional importance were involved. *Id*. Logue filed a petition for rehearing with the Montana Supreme Court, which was denied on December 31, 2019. *Logue v. 11th Jud. Dist.*, OP 19-0642, Or. (Mont. Dec. 31, 2019).

    Following the conclusion of his proceedings in the Montana Supreme Court, Logue filed a motion for default judgment and brief in support in his PCR case. See, *Logue v. State*, DV-2019-843, Dkt. 12-13, (filed January 6, 2020).[4] Additionally, Logue is currently representing himself on direct appeal from the district court's denial of his PCR proceedings. See, *State v. Logue*, No. DA 19-

---

[4] A court may take judicial notice of orders and filings in state courts when directly related to the case at issue. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). A copy of the docket sheet was attached to the Findings and Recommendation entered in *Logue v. Guyer,* CV 20-01-DLC.

3

0589;[5] see also, (Doc. 1 at 5.)

In the instant petition Logue claims: (1) counsel provided ineffective assistance at his sentencing hearing and revocation hearing, which has resulted in Due Process violations, Fourth Amendment violations, Malicious Prosecution, and Equal Protection violations, (Doc. 1 at 4, ¶ 13(A)); (2) he was subject to malicious prosecution which resulted in corresponding constitutional violations due to a *Brady* violation and a lack of probable cause to prosecute, *id*. at 4, ¶ 13(B); (3) the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 1 at 7). These same claims are currently pending in Logue's state court appeal. See e.g., (Doc. 1 at 5.) Logue asks this Court to enter an order finding that his state sentence in DC-17-399B was illegal and unconstitutionally imposed. *Id*. at 8, ¶ 17.

## II. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The

---

[5] This matter has been fully briefed and was submitted for decision to a five-justice panel. See, *State v. Logue*, No. DA 19-0589, Or. (July 22, 2020).

exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

Logue was previously advised of the exhaustion requirement.[6] In the present case, the Montana Supreme Court has not yet ruled on the claims Logue

---

[6] See, *Logue v. Smith*, No. CV 19-108-M-DLC-JCL, Find. & Rec. (filed July 26, 2019); *Logue v. Guyer,* CV 20-01-DLC, Find. & Rec. (filed Jan. 10, 2020).

attempts to advance. As set forth above, Logue's PCR appeal is currently pending before the Montana Supreme Court.

Before Logue can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Logue has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be without prejudice, allowing Logue to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Logue has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close

questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Logue's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Logue may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Logue must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of November, 2020.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge